**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| EMILEE ROBBINS, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| OTIS WORLDWIDE CORPORATION, | ) |
| a foreign corporation, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**
(JURY TRIAL DEMANDED)

COMES NOW the Plaintiff EMILEE ROBBINS, by and through their attorneys of record, John Branum and Jessica Ladd of Branum Law Firm, PLLC and James F. Self, Jr. and Brian M. Self. of Self & Associates, Inc. and for their cause of action against the Defendant, OTIS WORLDWIDE CORPORATION, allege and states as follows, to-wit:

**I.    JURISDICTION AND VENUE**

1. The facts which give rise to this cause of action occurred in Western District of Oklahoma.

2. The Plaintiff, EMILEE ROBBINS, is an individual and citizen of Oklahoma County, Oklahoma.

3. Defendant, OTIS WORLDWIDE CORPORATION, is a foreign corporation and was the manufacturer, seller and maintainer of the elevator device hereinafter referred to in this Petition, which was unreasonably dangerous.

4.  This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties have diverse citizenship, the cause of action arose in Oklahoma County, Oklahoma, and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## II.   FACTUAL BACKGROUND

5.  On or about the 9th day of May 2025, the Plaintiff herein was a user of a certain elevator located at the OU Medical Center in Oklahoma City, Oklahoma.

6.  At that time and at that place, while utilizing the elevator, an event occurred which caused severe, painful and permanent injuries to this Plaintiff.

## III.   STRICT PRODUCTS LIABILITY / NEGLIGENCE

7.  Defendant Otis Worldwide Corporation designed, manufactured, assembled, marketed, sold, supplied, distributed, installed, serviced, and/or placed into the stream of commerce the elevator at issue located at OU Medical Center in Oklahoma City, Oklahoma.

8.  At all times relevant, the elevator was being used in a manner that was foreseeable and intended by Defendant Otis Worldwide Corporation.

9.  At the time the elevator left the possession and control of Defendant Otis Worldwide Corporation, it was in a defective condition and unreasonably dangerous to users and occupants, including Plaintiff EMILEE ROBBINS.

10. The elevator was defective and unreasonably dangerous due to one or more of the following, including but not limited to:

- Defective design;

- Defective manufacture or assembly;
- Failure to adequately inspect or test;
- Failure to warn of known or reasonably knowable hazards;
- Failure to provide adequate instructions for safe use;
- Failure to correct or recall known dangerous conditions.

11. Defendant Otis Worldwide Corporation knew or should have known of the dangerous condition of the elevator and failed to take reasonable steps to remedy, warn, or prevent the harm caused to users.

12. Defendant Otis Worldwide Corporation was negligent in the design, manufacture, inspection, testing, marketing, sale, installation, servicing, and/or maintenance of the elevator.

13. Defendant Otis Worldwide Corporation's acts and omissions constituted a breach of its duties owed to Plaintiff and the public to provide a reasonably safe product.

14. The defective and unreasonably dangerous condition of the elevator was a direct and proximate cause of the incident and the resulting injuries sustained by Plaintiff EMILEE ROBBINS.

15. As a direct and proximate result of Defendant Otis Worldwide Corporation's conduct, Plaintiff EMILEE ROBBINS, suffered serious physical injuries, said injuries are permanent, painful and progressive. As a result of said injuries, Plaintiff has incurred and will incur future medical expenses; lost wages; her earning capacity has been reduced; she has endured and will endure both physical and mental pain and suffering; will be

permanently disabled/impaired and disfigured and she has been damaged in an aggregate sum in an amount in excess of $75,000.00.

16. Defendant Otis Worldwide Corporation's conduct was reckless, careless, and demonstrated a conscious disregard for the safety of others, entitling Plaintiff to recover all damages allowed by law.

### IV. COUNT 2 NEGLIGENT MAINTENANCE, INSPECTION, AND SERVICING

17. Defendant Otis Worldwide Corporation, independent of its role as manufacturer, undertook ongoing duties to inspect, maintain, service, repair, adjust, and/or monitor the elevator located at OU Medical Center in Oklahoma City, Oklahoma.

18. At all times relevant, Defendant Otis Worldwide Corporation knew or should have known that elevators are inherently dangerous instrumentalities requiring reasonable care in inspection, maintenance, and servicing to protect users from foreseeable harm.

19. Defendant Otis Worldwide Corporation owed a duty to Plaintiff EMILEE ROBBINS and other foreseeable users of the elevator to exercise reasonable care in the maintenance, inspection, servicing, and repair of the elevator.

20. Defendant Otis Worldwide Corporation breached its duties by failing to exercise reasonable care in one or more of the following respects, including but not limited to:

21. Failing to properly inspect the elevator;

22. Failing to identify and correct dangerous or defective conditions;

23. Failing to properly maintain, adjust, or repair elevator components;

24. Failing to follow applicable safety standards, codes, manufacturer specifications, and industry practices;

25. Failing to remove the elevator from service despite known or discoverable safety hazards;

26. Failing to warn of dangerous conditions discovered or that should have been discovered through reasonable maintenance and inspection.

27. Defendant Otis Worldwide Corporation's negligent maintenance, inspection, and servicing occurred after the elevator was placed into service and constituted separate and independent acts of negligence, distinct from any alleged design or manufacturing defect.

28. Defendant Otis Worldwide Corporation's negligent acts and omissions were a direct and proximate cause of the incident and the injuries sustained by Plaintiff EMILEE ROBBINS.

29. As a direct and proximate result of Defendant's negligence, Plaintiff EMILEE ROBBINS suffered severe, permanent, and progressive injuries, including past and future medical expenses, pain and suffering, mental anguish, physical impairment, lost wages, loss of earning capacity, and other damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

30. Defendant failed to act as a reasonably careful elevator maintenance provider under the same or similar circumstances.

31. As a direct and proximate result of Defendant's conduct, Plaintiff EMILEE ROBBINS, suffered serious physical injuries, said injuries are permanent, painful and

progressive. As a result of said injuries, Plaintiff has incurred and will incur future medical expenses; lost wages; her earning capacity has been reduced; she has endured and will endure both physical and mental pain and suffering; will be permanently disabled/impaired and disfigured and she has been damaged in an aggregate sum in an amount in excess of $75,000.00.

32.     Defendant's conduct was reckless, careless, and demonstrated a conscious disregard for the safety of others, entitling Plaintiffs to recover all damages allowed by law.

## V. CONCLUSION

WHEREFORE, Plaintiff EMILEE ROBBINS pray judgment against the Defendant herein, in an amount in excess of $75,000.00 together with interest and costs in this action. Plaintiff EMILEE ROBBINS further pray judgment for punitive damages against the Defendant herein, in an amount in excess of $75,000.00, together with interest and costs in this action.

Respectfully submitted

s/ *John Branum*_____
JOHN BRANUM    OBA #20165
JESICA S. LADD    OBA # 33821
BRANUM LAW FIRM, PLLC
9600 S. May Avenue
Oklahoma City, Oklahoma 73159
Telephone (800) 318-9950
Email          all@branumlawfirm.com

AND

s/ *Brian Self*_____
James F. Self, Jr.    OBA #8063
Brian M. Self         OBA # 33263
SELF & ASSOCIATES, INC.
7701 S. Western Avenue, #202
Oklahoma City, OK  73139-2410
Telephone:   (405) 685-2111
Facsimile:    (405) 685-2189
jself@aol.com; jo.selflaw@yahoo.com
brian.self@selflaw.net

**ATTORNEYS FOR PLAINTFFS**

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**